OVERTON ET AL.
vs.
OVERTON'S
ADMINISTRATOR.

OVERTON ET AL. vs. OVERTON'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF CARROLL.

It is necessary for all the heirs to join in an action, to compel the administrator to account, as he is bound to render but one account of his administration.

But any one of the heirs may maintain an action to remove the administrator for malversation in office.

The administrator may be removed, and called to account for his administration afterwards. The heirs can then have recourse upon his bond.

An injunction cannot be maintained, suspending the administrator in the exercise of the functions of his office, though he might well be restrained for committing waste and ruining the estate, by collusion with pretended creditors.

This is an action instituted against the administrator of Samuel Overton, deceased, to restrain and enjoin him from proceeding in the administration of the estate, requiring of him to render an account, and praying that he may be removed for malversation in office.

The suit was commenced by J. and T. J. Overton, styling themselves brothers of the deceased, who, together with their sister, Cassandria Overton, wife of J. F. Bryan, residing out of the state, are the legal heirs, and have accepted the succession of said Samuel Overton, with the benefit of inventory.

They allege that the defendant is ruining the estate he administers, through fraud and collusion with pretended creditors and others, by admitting enormous and exorbitant claims against it, and other misconduct in office. They pray for an injunction to restrain him from acting any further, and that he be suspended until final hearing is had in the case, and finally, that his letters of administration be revoked, and that they, for themselves and sister, be allowed to accept the succession of the deceased, Samuel Overton, purely and unconditionally, and put in the possession thereof.

The probate judge made an order, granting the prayer of the petitioner.

The defendant pleaded a general denial, and averred that the injunction was illegally issued, and prayed that it be dissolved, with damages. He further averred, that the plaintiffs showed a joint interest in the succession claimed with their sister, who was not a party to the suit, consequently it could not be maintained ; that he had sustained eight hundred dollars damages, for attorneys' fees, by this proceding, and one hundred dollars for costs and expenses. He therefore prays, that the injunction be dissolved, with damages, and the suit dismissed.

The judge of probates was first of opinion, from the pleadings and evidence, that the affidavit was insufficient on which the injunction was granted, and gave judgment dissolving it, with damages as prayed for, but allowed the case to proceed as to the other matters. The plaintiffs' counsel excepted to this judgment.

On motion and argument, this judgment was set aside, and the injunction reinstated.

There are a great many bills of exception in the record, which seem to have been taken at every step of the case, and are not material to its decision.

The evidence showed gross abuse and collusion on the part of the defendant, as administrator, in admitting the account of a certain attorney for a fee, which swallowed up the whole of the estate. It seems the attorney made an arrangement with the deceased, Mr. Overton, while the latter was in prison, on a charge of murdering one of his own slaves, to defend him in court, for which he was to have all Overton's property. The latter, however, died in jail before he was ever brought to trial. His attorney ascertained the nett amount of his estate (nine thousand dollars,) and made his fee to cover it, which was admitted by the administrator.

On a final hearing, the probate judge dissolved the injunction, with damages, but admitted the plaintiffs as heirs,

WESTERN DIST.
October, 1836.

OVERTON ET AL.
vs.
OVERTON'S
ADMINISTRATOR.

and ordered the defendant to render an account of his administration, and that the plaintiffs be put in possession of the estate. From this judgment the defendant appealed.

*Spaulding* and *Friend*, for the plaintiff.

*Selby*, contra.

*Bullard, J.,* delivered the opinion of the court.

Two of the heirs of Samuel Overton, who stated that their co-heirs reside abroad, sue the administrator of his estate, alleging malversation, and pray that his letters may be revoked, and that he may be condemned to account.

It is necessary for all the heirs to join in an action to compel the administrator to account, as he is bound to render but one account of his administration.

The defendant excepts that all the heirs are not parties.

We are of opinion, that so far as the object of this suit is to compel the administrator to render an account, all the heirs ought to have joined in the action, because the defendant is bound to render only one account; but any one of the heirs might well provoke the removal of the administrator, on the grounds alleged in the petition. The administrator, for sufficient causes, might be removed and called to account for his administration afterwards, and the heirs have recourse upon the bond.

But any one of the heirs may maintain an action to remove the administrator for malversation in office.

The administrator may be removed, and called to account for his administration afterwards. The heirs can then have recourse upon his bond.

The evidence in the record satisfies us that the conduct of the defendant was such as to justify his removal, and we presume, from the tenor of the suit, the court below supposed he must first render an account, and did not make the proper distinction between a *discharge* of the administrator, which could only be done after a rendition of his account, and his removal which might precede it.

An injunction cannot be maintained, suspending the administrator in the exercise of the functions of his office, though he might well be restrained for committing waste and ruining the estate, by collusion with pretended creditors.

The injunction was properly dissolved, because while the defendant was administrator, his functions could not be altogether suspended, though he might well be restrained from committing waste and ruining the estate, by collusion with pretended creditors; but the judgment in favor of the defendant for nine hundred dollars damages, is in our opinion erroneous, because the record furnishes no standard by which the court could estimate the ten or twenty per

cent., authorized by statute, in a summary way. *Acts of* 1831, *sec. 3, page* 93. *Acts of* 1833.

There is a confused mass of bills of exception in the record, which our view of the merits of the controversy renders it useless to decide upon.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed ; and proceeding to give such judgment as ought, in our opinion, to have been rendered below, it is further ordered and decreed,. that the letters of administration heretofore granted to the defendant, on the estate of Samuel Overton, be cancelled and revoked, that the injunction be dissolved, the costs of the Court of Probates, except those occasioned by the injunction, be paid by the defendant, and that those last mentioned, together with those of the appeal, be paid by the plaintiffs, reserving to the defendant his right, if any he have, to recover damages on the injunction bond.